IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

DAVID W. MALLEY                                                                PLAINTIFF

v.                                    4:04CV00696 GH/JTR

JO ANNE B. BARNHART,
Commissioner, Social
Security Administration                                                        DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

This recommended disposition has been submitted to United States District Judge George Howard, Jr. The parties may file specific written objections to these findings and recommendations and must provide the factual or legal basis for each objection. An original and one copy of the objections must be filed with the Clerk no later than eleven (11) days from the date of the findings and recommendations. A copy must be served on the opposing party. The District Judge, even in the absence of objections, may reject these findings and recommendations in whole or in part.

### RECOMMENDED DISPOSITION

Plaintiff, David W. Malley, has appealed the final decision of the Commissioner of the Social Security Administration denying his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). Both parties have submitted Appeal Briefs, and the issues are now joined and ready for decision.

The Court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and whether it is based on legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also*, 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). Substantial evidence in the record as a whole entails a more scrutinizing

analysis. *Reed v. Barnhart*, 399 F.3d 917, 920 (8th Cir. 2005). In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it. However, the Court may not reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Id.; Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

Plaintiff alleged disability[1] based on double by-pass heart surgery. (Tr. 105) After conducting an administrative hearing, the Administrative Law Judge (ALJ) concluded that Plaintiff had not been under a disability, within the meaning of the Social Security Act, at any time through January 15, 2004, the date of his decision. (Tr. 20) On June 18, 2004, the Appeals Council received and considered additional evidence and then denied Plaintiff's request for a review of the ALJ's decision, making it the final decision of the Commissioner. (Tr. 6-8) Plaintiff then filed his Complaint initiating this appeal. (Docket entry #2)

Plaintiff was 43 years old at the time of the administrative hearing and had graduated from high school. (Tr. 27, 141) He has past relevant work as a quality control inspector. (Tr. 19, 117)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. § 404.1520(b)(2004). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. *Id.*

Step 2 involves a determination, based solely on the medical evidence, of whether the claimant has an impairment or combination of impairments which significantly limits claimant's ability to perform basic work activities, a "severe" impairment. *Id.*, § 404.1520(c). If not,

---

[1] "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

benefits are denied. *Id.*

Step 3 involves a determination, again based solely on the medical evidence, of whether the severe impairment(s) meets or equals a listed impairment which is presumed to be disabling. *Id.*, § 404.1520(d). If so, and the duration requirement is met, benefits are awarded. *Id.*

If claimant does not meet or equal a Listing, then a residual functional capacity ("RFC") assessment is made based on all the relevant medical and other evidence. *Id.*, § 404.1520(e). This RFC assessment is utilized at Steps 4 and 5. *Id.*

Step 4 involves a determination of whether the claimant has sufficient RFC, despite the impairment(s), to perform the physical and mental demands of past relevant work. *Id.*, § 404.1520(f). If so, benefits are denied. *Id.*

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience. *Id.*, § 404.1520(g). If so, benefits are denied; if not, benefits are awarded. *Id.*

The ALJ found that Plaintiff: (1) had not engaged in substantial gainful activity since June 10, 2002, his alleged onset of disability (Tr. 16); (2) had "severe" impairments (*id.*); (3) did not have an impairment or combination of impairments that met or equaled a Listing (Tr. 18); (4) retained the RFC to perform a full range (all or substantially all) of work at the light exertional level over a sustained period of time (*id.*); and (5) was able to perform his past relevant work as a quality control inspector (Tr. 19). Thus, the ALJ concluded that Plaintiff was not disabled. (Tr. 20)

In his Appeal Brief (docket entry #10), Plaintiff argues that the ALJ erred: (1) in making non-specific findings and omitting other findings; (2) in finding that Plaintiff was capable of performing his past relevant work; (3) in crafting an improper hypothetical question; and (4) in his credibility determination. Because the Court finds that the ALJ's credibility determination was insufficient, it is not necessary to discuss Plaintiff's other arguments, each of which is closely related to or flows from the ALJ's credibility determination.

3

Plaintiff argues that the ALJ's credibility determination was insufficient because he did not make the express credibility findings required by *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). (Plaintiff's App. Br. at 16-19) In *Polaski*, the Court held that:

> The absence of an objective medical basis which supports the degree of severity of subjective complaints alleged is just one factor to be considered in evaluating the credibility of the testimony and complaints. The adjudicator must give full consideration to all of the evidence presented relating to subjective complaints, including the claimant's prior work record, and observations by third parties and treating and examining physicians relating to such matters as:
>
> 1. the claimant's daily activities;
>
> 2. the duration, frequency and intensity of the pain;
>
> 3. precipitating and aggravating factors;
>
> 4. dosage, effectiveness and side effects of medication;
>
> 5. functional restrictions.
>
> The adjudicator is not free to accept or reject the claimant's subjective complaints *solely* on the basis of personal observations. Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.

*Id.* at 1322 (emphasis in original).

The ALJ did not cite *Polaski*, nor did he set out the *Polaski* factors. The ALJ also failed to cite 20 C.F.R. §§ 404.1529 (c)(3) or 416.929(c)(3) (2003), the factors contained therein,[2] or

---

[2]    Factors relevant to your symptoms, such as pain, which we will consider include:
(i) Your daily activities;
(ii) The location, duration, frequency, and intensity of your pain or other symptoms;
(iii) Precipitating and aggravating factors;
(iv) The type, dosage, effectiveness, and side effects of any medication you take or have taken to alleviate your pain or other symptoms;
(v) Treatment, other than medication, you receive or have received for relief of your pain or other symptoms;
(vi) Any measures you use or have used to relieve your pain or other symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.); and
(vii) Other factors concerning your functional limitations and restrictions due to pain or other symptoms.

Social Security Ruling 96-7p, which tracks *Polaski* and 20 C.F.R. §§ 404.1529 (c)(3) and 416.929 (c)(3), and elaborates on them. (Tr. 18) *Polaski* sets forth requirements that an ALJ must follow in evaluating a claimant's credibility. *Randolph v. Barnhart*, 386 F.3d 835, 841 (8th Cir. 2004). Because the ALJ failed to cite or discuss *Polaski*, the appropriate regulations, or S.S.R. 96-p, the Court is left to speculate about how he arrived at his credibility determination.

While the ALJ does mention a few of the appropriate *Polaski* factors, such as "activities of daily living" (Tr. 17), he states only that:

> I also conclude from the claimant's testimony that his daily activities are greater than he reported in December, 2002, when he did not do dishes and vacuum or walk for exercise (*see* Exhibit 5E, pages 1-2). In November 2002 he reported being able to lift more than 7 pounds (Exhibit 4E).

Such a conclusory statement falls far short of a meaningful discussion of Plaintiff's activities of daily living. Similarly, the ALJ makes a fleeting reference to Plaintiff's "medications": "The claimant alleges taking a variety of medication for his symptoms, although there is some evidence of noncompliance due to financial issues (Exhibit 6F, page 8)." (Tr. 17) Suffice it to say, this is not the kind of credibility analysis required by *Polaski*. Thus, the Court concludes that the record as a whole does not contain ample evidence that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. at 401; *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

IT IS THEREFORE RECOMMENDED that the final determination of the Commissioner be reversed and the case remanded to the Commissioner for a proper evaluation of Plaintiff's credibility and such other proceedings as may be required thereafter. This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

DATED this 1st day of July, 2005.

/s/ J. Thomas Ray

UNITED STATES MAGISTRATE JUDGE